United States District Court
District of Connecticut
FILED AT   NEW HAVEN
_____June 5th_____ 20 18
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Grand Jury N-18-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:18CR116-MPS |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| JODIAN STEPHENSON, | : | 18 U.S.C. § 371 (Conspiracy) |
| a.k.a. JODIAN GORDON, and | : | 18 U.S.C. §§ 1001 and 2 (False Statement) |
| DONOVAN LAWRENCE | : | 18 U.S.C. §§ 1546(a) and 2 (Immigration |
| | : |    Document Fraud) |

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Background

At all relevant times herein:

1. Defendant JODIAN STEPHENSON, a.k.a. JODIAN GORDON, was a resident of Connecticut and the manager of Stephenson Immigration and Legal Services, LLC, first located at 45 Evers Place, Bridgeport, Connecticut, and subsequently located at 955 Connecticut Ave., Bridgeport, Connecticut.

2. Defendant DONOVAN LAWRENCE was a resident of Connecticut and the President of Donovans Accounting Services LLC, located at 44 Bronx Avenue, Bridgeport, Connecticut.

3. Co-Conspirators 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19 were citizens and residents of the United States.

5. The Relative of Co-Conspirator 10 was an individual residing in the United States.

6. The "Undercover Agent," or "UCA," was a federal law enforcement agent working undercover in an immigration and marriage fraud investigation.

7. Under the immigration laws of the United States, the United States government may grant a non-citizen the right to live and work in the United States for an extended period of time. One of the more common ways that this happens is by the United States Citizenship and Immigration Service ("USCIS") granting a non-citizen the status of "lawful permanent resident," also known as "LPR status," and commonly referred to as having a "green card." Obtaining LPR/green card status can take a substantial amount of time.

8. One of the faster pathways for obtaining LPR/green card status involves a non-citizen becoming legally married to a United States citizen. The application process whereby a non-citizen spouse obtains LPR/green card status often involves the following documents, among others: a Form I-485 "Application to Register Permanent Residence or Adjust Status," whereby the non-citizen spouse applies for LPR/green card status; a Form I-130 "Petition for Alien Relative," whereby the citizen-spouse effectively sponsors the LPR/green card application of his/her non-citizen spouse; a Form I-864 "Affidavit of Support Under Section 213A of the Act," whereby a sponsor of the non-citizen's application – usually but not necessarily the citizen-spouse – provides a guarantee that if the non-citizen applicant is or becomes economically non-self-sufficient, the sponsor can and will support that non-citizen's economic needs; and a Form I-751 "Petition to Remove Conditions on Residence," whereby a non-citizen spouse who has been granted LPR/green card status may apply to remove certain requirements that accompanied that grant of status, such as the requirement that the non-citizen remain married to the citizen. All of

these forms must be submitted with a sworn declaration that they are "true and correct," under the "pains and penalties of perjury."

## COUNT ONE
(Conspiracy)

9. The allegations contained in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein.

### A. Objects of the Conspiracy

10. From in or about July 2012 through in or about July 2017, in the District of Connecticut and elsewhere, JODIAN STEPHENSON, a.k.a. JODIAN GORDON ("STEPHENSON"), DONOVAN LAWRENCE ("LAWRENCE"), and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree to commit offenses against the United States, that is, knowingly to arrange for individuals who were non-citizens of the United States to enter into sham marriages with citizens of the United States, for the purpose of the non-citizens' evading the provisions of the immigration laws, in violation of Title 8, United States Code, Section 1325(c); and knowingly and willfully to make and use false documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in a matter within the jurisdiction of the executive branch of the government of the United States, in violation of Title 18, United States Code, Section 1001.

All in violation of Title 18, United States Code, Section 371.

B. <u>Manner and Means of the Conspiracy</u>

11. It was a part of the conspiracy that STEPHENSON offered, for a substantial fee, to arrange sham marriages between non-citizens and citizens of the United States, to expedite the non-citizens' efforts to obtain LPR/green card status.

12. It was a part of the conspiracy that STEPHENSON recruited and paid money to United States citizens to enter into those sham marriages in order to expedite the non-citizens' efforts to obtain LPR/green card status.

13. It was a part of the conspiracy that STEPHENSON assisted the non-citizens and citizens in obtaining marriage licenses, and arranged the weddings where they entered into the sham marriages.

14. It was a part of the conspiracy that STEPHENSON advised the citizen/non-citizen couples about several ways to create the appearance that they were validly married and living together as husband and wife, when in fact, they were not validly married and did not live together.

15. It was a part of the conspiracy that STEPHENSON helped the citizen/non-citizen couples to fill out and submit the federal forms needed to initiate and process the non-citizens' applications for LPR/green card status, including the Form I-485 "Application to Register Permanent Residence or Adjust Status," the Form I-130 "Petition for Alien Relative," the Form I-864 "Affidavit of Support Under Section 213A of the Act," and the Form I-751 "Petition to Remove Conditions on Residence."

16. It was a part of the conspiracy that STEPHENSON referred the non-citizen applicants for LPR/green card status to LAWRENCE, to prepare federal income tax returns portraying the citizen/non-citizen couple's tax status as married filing jointly.

4

17. It was a part of the conspiracy that LAWRENCE prepared "married filing jointly" federal tax returns for the citizen/non-citizen couples to present to USCIS in connection with their LPR/green card applications, while also preparing "single" or "married filing separately" federal tax returns for those same non-citizens for the same tax year, to submit to the United States Internal Revenue Service ("IRS").

18. It was a part of the conspiracy that STEPHENSON assisted and prepared the citizen/non-citizen couples to be interviewed by USCIS in connection with the non-citizens' LPR/green card applications, in order to convince USCIS interviewers that they were validly married and living together, when in fact, they were neither validly married nor living together.

19. It was a part of the conspiracy that both STEPHENSON and LAWRENCE sought and obtained payment for the above-described services that they rendered to the citizen/non-citizen couples in connection with the non-citizens' efforts to obtain LPR/green card status.

C. Overt Acts of the Conspiracy

20. In furtherance of the conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

    a. With respect to a May 2012 sham marriage between Co-Conspirators 1 and 2, and the subsequent LPR/green card application on behalf of Co-Conspirator 2:

        i. On or about April 15, 2014, STEPHENSON prepared and signed as the preparer for Co-Conspirator 2, an I-751 "Petition to Remove Conditions on Residence," which was submitted to USCIS.

     ii. On or about February 23, 2014, LAWRENCE prepared and issued two sets of federal income tax returns for the 2013 tax year, one submitted to USCIS, listing Co-Conspirators 1 and 2 as married filing jointly; and the other submitted to the IRS, listing Co-Conspirator 2 as not married and filing singly.

    b. With respect to a July 2012 sham marriage between Co-Conspirators 3 and 4, and the subsequent LPR/green card application on behalf of Co-Conspirator 4:

     i. On or about July 28, 2012, STEPHENSON prepared and signed as the preparer for Co-Conspirator 4, an I-485 "Application to Register Permanent Residence or Adjust Status," which was submitted to USCIS, and prepared and signed as the preparer for Co-Conspirator 3, an I-130 "Petition for Alien Relative," which was submitted to USCIS.

     ii. On or about March 9, 2014, LAWRENCE prepared and issued two sets of federal income tax returns for the 2013 tax year, one submitted to USCIS, listing Co-Conspirators 3 and 4 as married filing jointly; and the other submitted to the IRS, listing Co-Conspirator 4 as not married and filing singly.

    c. With respect to a September 2012 sham marriage between Co-Conspirators 5 and 6, and the subsequent LPR/green card application on behalf of Co-Conspirator 6, on or about March 6, 2014, LAWRENCE prepared and issued two sets of federal income tax returns for the 2013 tax year, one submitted to USCIS, listing Co-Conspirators 5 and 6 as married filing jointly; and the other submitted to the IRS, listing Co-Conspirator 6 as not married and filing singly.

    d. With respect to an August 2013 sham marriage between Co-Conspirators 7 and 8, and the subsequent LPR/green card application on behalf of Co-Conspirator 8, between on or about February 23 and February 26, 2014, LAWRENCE prepared and issued two sets of federal

income tax returns for the 2013 tax year, one submitted to USCIS, listing Co-Conspirators 7 and 8 as married filing jointly, and residing in Bridgeport, Connecticut; and the other submitted to the IRS, listing Co-Conspirator 8 as not married and filing singly, and living in Wisconsin Dells, Wisconsin.

   e. With respect to a March 2014 sham marriage between Co-Conspirators 9 and 10, and the subsequent LPR/green card application on behalf of Co-Conspirator 10:

    i. In or about February and March of 2014, STEPHENSON introduced Co-Conspirators 9 and 10 to each other, helped them obtain a marriage license, and arranged for them to enter a sham marriage on or about March 1, 2014.

    ii. On or about February 25, 2014, LAWRENCE prepared and issued two sets of federal income tax returns for the 2013 tax year, one submitted to USCIS, listing Co-Conspirators 9 and 10 as married filing jointly; and the other submitted to the IRS, listing Co-Conspirator 10 as not married and filing singly.

    iii. On or about March 14, 2014, STEPHENSON prepared for Co-Conspirator 10, an I-485 "Petition to Register Permanent Residence or Adjust Status," which was submitted to USCIS.

    iv. On or about March 20, 2014, STEPHENSON prepared and signed as the preparer for Co-Conspirator 9, an I-130 "Petition for Alien Relative," which was submitted to USCIS.

    v. On or about August 14, 2014, STEPHENSON prepared and signed as the preparer for the Relative of Co-Conspirator 10, an I-864 "Affidavit of Support," which was submitted to USCIS.

    f. With respect to a June 2014 sham marriage between Co-Conspirators 11 and 12, and the subsequent LPR/green card application on behalf of Co-Conspirator 12:

      i. In or about May and June of 2014, STEPHENSON offered to pay more than $2,000 to Co-Conspirator 11 to enter a sham marriage with Co-Conspirator 12, to help Co-Conspirator 12 obtain LPR/green card status.

      ii. In or about May and June of 2014, STEPHENSON introduced Co-Conspirators 11 and 12 to each other, helped them obtain a marriage license, and arranged for them to enter a sham marriage on or about June 29, 2014.

      iii. On or about October 14, 2014, STEPHENSON prepared for Co-Conspirator 11, an I-130 "Petition for Alien Relative," which was submitted to USCIS.

      iv. On or about October 14, 2014, STEPHENSON prepared and signed as the preparer for Co-Conspirator 11, an I-864 "Affidavit of Support," which was submitted to USCIS.

    g. With respect to a November 2014 sham marriage between Co-Conspirators 13 and 14, and the subsequent LPR/green card application on behalf of Co-Conspirator 14:

      i. In or about November 2014, STEPHENSON introduced Co-Conspirators 13 and 14 to each other, helped them obtain a marriage license, and arranged for them to enter a sham marriage on or about November 22, 2014.

      ii. On or about March and June of 2015, LAWRENCE prepared and issued two sets of federal income tax returns for the 2014 tax year, one signed March 5, 2015, and submitted to the IRS, listing Co-Conspirator 14 as not married and filing singly; and the other

signed June 5, 2015, and submitted to USCIS, listing Co-Conspirators 13 and 14 as married filing jointly.

      h.      With respect to a November 2014 sham marriage between Co-Conspirators 15 and 16, and the subsequent LPR/green card application on behalf of Co-Conspirator 16, in or about November 2014, STEPHENSON introduced Co-Conspirators 15 and 16 to each other, helped them obtain a marriage license, and arranged for them to enter a sham marriage on or about November 22, 2014.

      i.      With respect to a March 2015 sham marriage between Co-Conspirators 17 and 18, and the subsequent LPR/green card application on behalf of Co-Conspirator 18:

      i.      In or about February and March of 2015, STEPHENSON introduced Co-Conspirators 17 and 18 to each other, helped them obtain a marriage license, and arranged for them to enter a sham marriage on or about March 13, 2015.

      ii.      On or about April 11, 2015, STEPHENSON prepared for Co-Conspirator 18, an I-485 "Application to Register Permanent Residence or Adjust Status," which was submitted to USCIS.

      j.      With respect to an attempt to arrange a sham marriage between Co-Conspirator 19 and the UCA in 2017, in order to expedite an anticipated LPR/green card application on behalf of the UCA:

      i.      On or about January 26, 2017, STEPHENSON offered to arrange a sham marriage for the UCA to help the UCA obtain LPR/green card status, in exchange for a proposed fee of $20,000.

9

      ii. On or about April 19, 2017, STEPHENSON introduced Co-Conspirator 19 and the UCA to each other, and advised them about several ways that they could create the appearance that they were validly married and living together as husband and wife, when in fact, they would be neither validly married nor living together, all in exchange for a cash payment of $5,000 from the UCA.

      iii. On or about July 20, 2017, STEPHENSON helped Co-Conspirator 19 and the UCA obtain a marriage license in Somers, New Jersey, in exchange for a cash payment of $5,000 from the UCA.

 All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH SEVEN
(Making False Statements)

 21. The allegations contained in paragraphs 1 through 8 and 20 of this Indictment are realleged and incorporated herein.

 22. On or about each date listed below, in the District of Connecticut, the defendants JODIAN STEPHENSON, a.k.a. JODIAN GORDON, and DONOVAN LAWRENCE, did knowingly and willfully make a false document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in a matter within the jurisdiction of the executive branch of the government of the United States, by making and using the false joint federal tax return identified below for use with respect to an application with USCIS for an LPR/green card, well knowing and believing that the Co-Conspirators were not in a valid marriage:

| Count | Date | Document Type | Listed Taxpayers | Immigration Status Beneficiary |
|---|---|---|---|---|
| 2 | 02-23-2014 | IRS-1040 tax return | Co-Conspirators 1 & 2 | Co-Conspirator 2 |
| 3 | 03-09-2014 | IRS-1040 tax return | Co-Conspirators 3 & 4 | Co-Conspirator 4 |

| | | | | |
|---|---|---|---|---|
| 4 | 03-06-2014 | IRS-1040 tax return | Co-Conspirators 5 & 6 | Co-Conspirator 6 |
| 5 | 02-23-2014 | IRS-1040EZ tax return | Co-Conspirators 7 & 8 | Co-Conspirator 8 |
| 6 | 02-25-2014 | IRS-1040EZ tax return | Co-Conspirators 9 & 10 | Co-Conspirator 10 |
| 7 | 06-05-2015 | IRS-1040EZ tax return | Co-Conspirators 13 & 14 | Co-Conspirator 14 |

Each Count of which is a violation of Title 8, United States Code, Sections 1001 and 2.

## COUNTS EIGHT THROUGH FOURTEEN
(Immigration Document Fraud)

23. The allegations contained in paragraphs 1 through 8 and 20 of this Indictment are realleged and incorporated herein.

24. On or about each date listed below, in the District of Connecticut, the defendant JODIAN STEPHENSON, a.k.a. JODIAN GORDON, did knowingly cause another to subscribe as true under penalty of perjury under 26 U.S.C. § 1746, a false statement with respect to a material fact in a document required by immigration laws and regulations prescribed thereunder, that is, the document type described below:

| Count | Date | Document Type | Listed Signatory | Listed Immigration Status Beneficiary |
|---|---|---|---|---|
| 8 | 03-14-2014 | I-485 Application to Register Permanent Residence or Adjust Status | Co-Conspirator 10 | Co-Conspirator 10 |
| 9 | 03-20-2014 | I-130 Petition for Alien Relative | Co-Conspirator 9 | Co-Conspirator 10 |
| 10 | 04-15-2014 | I-751 Petition to Remove Conditions on Residence | Co-Conspirator 2 | Co-Conspirator 2 |
| 11 | 08-14-2014 | I-864 Affidavit of Support | Relative of Co-Conspirator 10 | Co-Conspirator 10 |
| 12 | 10-14-2014 | I-130 Petition for Alien Relative | Co-Conspirator 11 | Co-Conspirator 12 |
| 13 | 10-14-2014 | I-864 Affidavit of Support | Co-Conspirator 11 | Co-Conspirator 12 |
| 14 | 04-11-2015 | I-485 Application to Register Permanent Residence or Adjust Status | Co-Conspirator 18 | Co-Conspirator 18 |

Each Count of which is a violation of Title 18, United States Code, Sections 1546(a) and 2.

## FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. § 981(a)
(Immigration Document Fraud)

25. Upon conviction of one or more of the immigration document fraud offenses alleged in Counts Eight through Fourteen of this Indictment, defendant JODIAN STEPHENSON, a.k.a. JODIAN GORDON, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1546(a) and 2, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY