

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

Aug. 19th 2019

Roberta D. Tabora, Clerk

By

Deputy Clerk

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center        (203)821-3700
157 Church Street, 25th Floor        Fax (203) 773-5376
New Haven, Connecticut 06510         www.justice.gov/usao/ct

August 19, 2019

Tracy Hayes, Esq.
265 Church Street
Suite 702
New Haven, CT 06510-7005

Re:    *United States v. Jodian Stephenson*
       Criminal No. 3:18-CR-116(MPS)

Dear Mr. Hayes:

This letter confirms the plea agreement between your client, Jodian Stephenson (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

In consideration for the benefits offered under this agreement, defendant agrees to plead guilty to Count One of the indictment, specifically, pleading guilty to the first object of the Count One conspiracy, which consists of conspiracy to commit immigration/marriage fraud (8 U.S.C. § 1325(c)), in violation of 18 U.S.C. § 371.

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1.    Two or more persons entered an agreement to commit an unlawful act – in this case, to commit marriage/immigration fraud in violation of 8 U.S.C. § 1325(c).

2.    Defendant knowingly engaged in the conspiracy intending to commit the offense that was the object of the conspiracy.

3.    At least one "overt act" was conducted by one or more members of the conspiracy in furtherance of the conspiracy.

*Tracy Hayes, Esq.*
*Page 2*

Conspiracy Objective, Immigration Marriage Fraud – Elements:

1. The defendant/co-conspirator knowingly entered into a marriage; and

2. The marriage was entered into for the purpose of evading a provision of the immigration laws.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of five years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years, to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Tracy Hayes, Esq.
Page 3

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2)

Tracy Hayes, Esq.
Page 4

could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. Under U.S.S.G. § 2X1.1, the sentencing guidelines calculation for conspiracy offenses is determined by the sentencing guideline for the crime that was the object of the conspiracy. For the conspiracy object of immigration marriage fraud, the applicable guideline is section 2L2.1.

Sub-section 2L2.1(a) prescribes a base offense level of 11.

Under sub-section 2L2.1(b), the parties agree that 6 levels are added because the conspiracy involved proof of 28 sham marriages arranged by the defendant for the purpose of filing fraudulent applications for lawful permanent resident status (a.k.a., green card status), and hence that the conspiracy involved 28 sets of false immigration documents.

Four additional levels are added under §3B1.1(a), because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 18.

*Tracy Hayes, Esq.*
*Page 5*

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category One. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 18, assuming a Criminal History Category One, would result in a range of 27 to 33 months, and a fine range of $10,000 to $100,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by

Tracy Hayes, Esq.
Page 6

pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to commit immigration/marriage fraud and false statements, that is, conspiracy to violate 8 U.S.C. § 1325(c) and 18 U.S.C. § 1001, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that she is bound by her guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from her counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on those consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction or sentence, based on the immigration consequences of her guilty plea, conviction and sentence.

*Tracy Hayes, Esq.*
*Page 7*

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty.  The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law.  The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney.  The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek  attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote.  Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future.  The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing.  Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

*Tracy Hayes, Esq.*
*Page 8*

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in all acts of the conspiracy and other Counts charged in the indictment in this case. After sentencing, the Government will move to dismiss counts Two through Fourteen of the indictment with respect to the defendant, because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY

*Tracy Hayes, Esq.*
*Page 9*

      The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

_____          8/19/19

JODIAN STEPHENSON           Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

_____          8/19/9

TRACY HAYES, ESQ.           Date
                      Attorney for the Defendant

*Tracy Hayes, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT [AND RELEVANT CONDUCT]

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Count One of the Indictment:

Between 2011 and 2017, defendant JODIAN STEPHENSON ("STEPHENSON") ran a business of arranging sham marriages between U.S. citizens and non-citizens, to help the latter obtain and expedite their acquisition of lawful permanent resident status, that is, "green card" status, which allows a non-citizen to live and work legally in the United States.

In each of these arrangements, STEPHENSON found and introduced a U.S. citizen to be the non-citizen's purported spouse and helped the couple obtain a marriage license. She also would organize a marriage ceremony and celebration, and then coached the couple on how to make their marriage appear to be genuine despite their neither living together nor otherwise intending to remain actually married. This advice included, going on dates together to take photos showing them as a happy couple; storing both male and female clothes at the non-citizen's residence; directing the couple to open joint utility and bank accounts; and guiding them to create an authentic-sounding story of how they met, and what their married lives are like. STEPHENSON also prepared the several immigration documents needed as part of the non-citizen's LPR/green card application; then had the applicant and spouse sign the documents; and in many cases, mailed the documents to the immigration authorities for the applicant. These documents all falsely claimed that the couple were in a genuine, valid marriage. In some cases, STEPHENSON or her assistants also would prepare other false documents for the couple, such as a false lease portraying the couple as living together. STEPHENSON often charged between $17,000 and $20,000 to complete this process for a non-citizen. She often paid the non-citizen spouse between $2,000 and $4,000 for his or her participation.

On multiple occasions in 2017, STEPHENSON met with a federal undercover agent ("UCA"), who posed as a non-citizen seeking to obtain LPR/green card status. The conversations were recorded by a concealed audio/video device. In those recorded conversations, STEPHENSON did the following, among other things: advised the UCA that the fee for her arranging the introduction, marriage, and the LPR/green card application process would be a total of $20,000; directing the UCA to make the marriage look genuine, by such tactics as putting gas and electric bills in the joint names of the UCA and his "spouse," putting other things in the spouse's name like the lease agreement, cable bill, etc., and traveling together to generate boarding passes and flight itineraries in their joint names. STEPHENSON at one point stated, "the more stuff you put in, it looks better," and "you are trying to make yourself look the way it's supposed to look, like you guys are married for real, *it's not fraudulent married*."

In addition to the attempt to arrange a sham marriage for the UCA, STEPHENSON conducted at least 27 sham marriages for 27 other non-citizens, and in each of those cases, prepared or helped prepare, among other immigration documents, the I-485 application on behalf of the non-citizen, and the I-130 sponsorship form for the U.S. citizen-spouse. Finally, as a non-citizen, STEPHENSON herself entered a sham marriage with U.S. citizen Noel Parson, which was the basis for STEPHENSON's filing a fraudulent LPR/green card application with USCIS. Accordingly, the conspiracy involved a total of 28 false immigration document sets.

*Tracy Hayes, Esq.*
*Page 11*

       This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____          _____
JODIAN STEPHENSON                                             HENRY K. KOPEL
The Defendant                                                          Assistant United States Attorney

_____
TRACY HAYES, ESQ.
Attorney for the Defendant

*Tracy Hayes, Esq.*
*Page 12*

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I) the value of the property on the date of the damage, loss, or destruction;  or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.