UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:18-CR-116(MPS) |
| | : | |
| v. | : | |
| | : | |
| JODIAN STEPHENSON | : | July 9, 2021 |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America ("United States") respectfully submits this memorandum in aid of sentencing. In sum, as explained below, the United States contends that the extensive nature of the immigration/marriage fraud scheme that the defendant set up and operated requires that a clear and visible deterrent message be conveyed by this sentencing.

**I.  The Offense Conduct and Charges**

The Government agrees with and adopts the description of the offense conduct as set forth in the May 20, 2021, PSR at pp. 5-6, ¶¶7-11, and respectfully requests this Court to adopt the factual findings of the PSR.

**II.  The PSR Properly Calculated the Defendant's Guidelines Sentencing Range**

The government agrees with and adopts the PSR's calculations at pp. 6-8 and 15-16, ¶¶16-31 and 66-78. Specifically, the PSR correctly notes that the offense has a base level of 11; that six levels are added owing to the number of false marriages arranged (28); that four levels are added because Ms. Stephenson was an organizer or leader of criminal activity that involved five or more participants; and that three levels are subtracted for Ms. Stephenson's acceptance of responsibility, yielding a total offense level of 18. The PSR also correctly notes that Ms. Stephenson has zero criminal history points, for a criminal history category of I; and that an offense level 8 with criminal history category I yields an advisory sentencing guidelines range of 27 to 33

months, a fine range of $10,000 to $100,000, and a term of supervised release of at least one but not more than three years.

### III.     Discussion of Pertinent Statutory Factors Under 18 U.S.C. § 3553(a).

Under *United States v. Booker*, 543 U.S. 220 (2005), as elaborated by *United States v. Crosby*, 397 F.3d 103, (2d Cir. 2005), the courts are directed first to determine the applicable sentencing guidelines range, then consider whether a departure from that Guidelines range is appropriate, and finally, assess the Guidelines range "along with all of the factors listed in [Title 18] section 3553(a)" to determine the sentence to impose. *Crosby*, 379 F.3d at 112-13.  "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

18 U.S.C. § 3553(a) identifies the following "[f]actors to be considered in imposing a sentence":   (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.

1. <u>Nature and circumstances of the offense, and history and characteristics of the defendant</u>

In this case, the seriousness of the offense is one of the two principal factors that weigh in favor of a substantial sentence, the other being the need for general deterrence (the latter discussed in sub-section 2., below). As noted in the PSR, defendant Stephenson was the leader and manager of this extensive immigration fraud scheme. She arranged 28 sham marriages, each of which involved finding and arranging a payoff to a U.S. citizen to "marry" the non-citizen green card applicant; arranging the sham marriage ceremony; counseling the non-citizen and citizen "spouses" on how to make the marriage appear legitimate; helping them generate photos and documents purporting to show that the marriage was genuine; helping to prepare the various forms required by the U.S. Citizenship and Immigration Service (USCIS) in connection with the green card application; and counseling the "couple" about how to succeed in convincing a USCIS interviewer that the marriage was, in fact, genuine. Ms. Stephenson collected fees from each non-citizen client in an amount between $17,000 and $20,000.

In other words, each of these more than two dozen sham marriage and fraudulent green cared application crimes required several proactive steps over a minimum of several months; involved numerous false representations to federal immigration authorities; and garnered substantial revenue to Ms. Stephenson.

On the other side of the balance is that fact that the defendant has no other criminal history, and that she made the decision to enter a guilty plea far in advance of trial. That decision saved the Court and the government the time and expense of preparing for and conducting what would have been a rather lengthy proceeding: several false marriages arranged and counseled by the defendant would have been proven up through a variety of witnesses and documents.

2.      Need for sentence to promote respect for law, specific & general deterrence, to protect the public, and provide defendant with needed training, care, and correctional treatment

Precisely because this scheme involved so many sham marriages and fraudulent green card applications, it is especially important that the sentence in this case present a clear and visible deterrent message. Ms. Stephenson's scheme attracted sham marriage/immigration fraud clients all the way from Nantucket and Cape Cod down to greater Near York city, as well as numerous places in between. The message needs to be that there are serious consequences for criminal acts of such scope.

Regarding Ms. Stephenson, the government notes that she has some significant medical conditions that will need to be addressed – and that can be addressed – in the appropriate prison facilities.

3 & 4.    The kinds of sentences available / The sentencing range set forth in the guidelines

The defendant has been convicted of a Class D felony. See 18 U.S.C. §§ 3559, 3561(a)(1); U.S.S.G. § 5B1.1(b)(1). The statutory maximum sentence is five years. A term of probation is not authorized by the Guidelines. Community confinement is not available given the defendant's Guidelines exposure as calculated in the PSR.

5.      Policy statements issued by the Sentencing Commission

Government counsel is not aware of any policy statement by the Sentencing Commission that needs to be addressed here.

6.      The need to avoid unwarranted sentencing disparities

The government defers to the Court to impose a sentence, taking into account all relevant factors, that avoids any unwarranted disparities.

7. <u>The need to provide restitution to victims</u>

This factor is not applicable in the instant case.

                                     Respectfully submitted

                                     LEONARD C BOYLE
                                     ACTING UNITED STATES ATTORNEY

                                     HENRY K. KOPEL
                                     ASSISTANT UNITED STATES ATTORNEY
                                     Fed. Bar No. ct24829
                                     157 Church Street, 25th Floor
                                     New Haven, CT   06510
                                     (203) 821-3700
                                     henry.kopel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I filed a copy of foregoing pleading and caused copies of same to be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Copies of the foregoing pleading also are being sent via E-mail on this same date to counsel for defendant Stephenson, Tracy Hayes, Esq., at Tracy_Hayes@fd.org, and to U.S. Probation Officer Xenia Gray, at Xenia_Gray@ctp.uscourts.gov.

*/s/ Henry K. Kopel*
Assistant U.S. Attorney